NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FLORENE WIGGINS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2019-1143

---

Petition for review of the Merit Systems Protection Board in No. CH-0831-18-0259-I-1.

---

Decided: November 12, 2019

---

GREG SMITH, The Law Office of Gregory D. Smith, Clarksville, TN, for petitioner.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Florene Wiggins appeals from the decision of the Merit Systems Protection Board affirming the denial of her claim for a Federal Employees Retirement System (FERS) survivor annuity under 5 U.S.C. § 8339(k)(2)(A). The Board's decision relied in part on *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377 (Fed. Cir. 1999), a decision by this court holding that § 8339(k)(2)(A)'s two-year deadline for election of a survivor's annuity cannot be waived due to an annuitant's mental impairment. Ms. Wiggins asks this court to overrule *Schoemakers*. For at least the reason that we do not have the authority to grant Ms. Wiggins's requested relief, we affirm.

BACKGROUND

Section 8339(k)(2)(A) permits a qualified federal employee who marries after retirement to reduce his or her own annuity in order to provide an annuity to a surviving spouse. To do so, the employee must elect to provide the survivor's annuity to his or her spouse in a signed writing to the Office of Personnel Management within two years of marriage. § 8339(k)(2)(A).

The facts of this case are not in dispute. James Seneca Wiggins retired from the Department of the Army on June 29, 2001. On August 2, 2002, Mr. Wiggins married Ms. Wiggins and remained married to her until his death. Mr. Wiggins did not provide a written notice to OPM of his election to provide a survivor's annuity to Ms. Wiggins at any point before his death on May 17, 2011. Mr. Wiggins received an unreduced annuity until his death. Mr. Wiggins did designate Ms. Wiggins and his children as beneficiaries of a lump sum death benefit under FERS, which they received after Mr. Wiggins's death.

Ms. Wiggins submitted her claim for a survivor's annuity to OPM on October 29, 2012. OPM denied her claim because Mr. Wiggins had never provided written notice of

his election to provide a survivor's annuity. Ms. Wiggins appealed to the Board, arguing that Mr. Wiggins suffered from Post-Traumatic Stress Disorder and was mentally incapable of submitting a written election. Ms. Wiggins also argued that OPM had failed to give Mr. Wiggins notice of the two-year deadline as required by § 8339 and OPM's regulations.

The Board first addressed Ms. Wiggins's argument that Mr. Wiggins lacked the mental capacity to submit an election within the two-year deadline. The Board determined that Ms. Wiggins's argument was expressly foreclosed by our holding in *Schoemakers*. Appx. 5–6 (citing *Schoemakers*, 180 F.3d at 1382). The Board explained that *Schoemakers* explicitly rejected the argument that waiver of the two-year deadline in § 8339(k)(2)(A) could be premised on an annuitant's mental condition. *Id.* The Board also determined that OPM had met its burden of proving that it provided adequate notice of the election deadline to Mr. Wiggins. The Board thus affirmed OPM's denial of Ms. Wiggins's claim for a survivor's annuity.

## DISCUSSION

On appeal, Ms. Wiggins requests that this court modify or overrule *Schoemakers* and permit waiver of the two-year deadline for qualified employees who suffer a mental infirmity that impairs timely election. Ms. Wiggins argues that rigid application of the deadline violates due process and conflicts with both state law and prior Board decisions considering principles of equity when interpreting § 8339(k)(2)(A). Ms. Wiggins also argues that the Federal Circuit departed from its holding in *Schoemakers* when it created an exception to the two-year deadline for annuitants who failed to receive adequate notice.

We agree with the Board and Ms. Wiggins that *Schoemakers*, a precedential opinion by this court, controls the issue of waiver. Presented with a similar argument regarding the mental incapacity of the annuitant, we held in

*Schoemakers* that we do not "have the authority to waive requirements (including filing deadlines) that Congress has imposed as a condition to the payment of federal money." 180 F.3d at 1382 (citing *Crown v. U.S. R.R. Retirement Bd.*, 811 F.2d 1017, 1020 (7th Cir. 1987)). As Ms. Wiggins recognizes, the panel is bound by *Schoemakers* and cannot overrule or modify its holding.

Instead, Ms. Wiggins seeks en banc review. But, even if the court were to sit en banc and overrule *Schoemakers*, Ms. Wiggins might not benefit, given that there is at least one meaningful difference between the facts here and those in *Schoemakers*. In contrast to *Schoemakers*, where the mentally impaired annuitant submitted a notice of election almost three years after the two-year deadline, *see id.* at 1379, Mr. Wiggins never submitted a written notice of election to OPM. Ms. Wiggins does not address how overruling *Schoemakers* would entitle her to a survivor's annuity despite the lack of any election. For this additional reason, we find Ms. Wiggins's arguments based on her request to overrule *Schoemakers* unpersuasive.

## CONCLUSION

We have considered Ms. Wiggins's remaining arguments and find them unpersuasive. We discern no reversible error in the Board's decision and, accordingly, we affirm.

## **AFFIRMED**

### COSTS

No costs.